IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AIYANNA JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>LAVOI CORPORATION,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:24-cv-05168-TRJ |

### ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Class Action Complaint. (Doc. 16). Upon review and consideration, Defendant's Motion is **GRANTED**.

### BACKGROUND

Defendant Lavoi Corporation d/b/a Epi Breads is an Atlanta, Georgia producer and distributor of customized bread. (Doc. 1 at ¶ 28). Plaintiff Aiyanna Johnson is Defendant's former employee. (*Id.*) In the ordinary course of business, Defendant requires each employee to provide it with personally identifiable information ("PII"), including the employee's:

- name;
- address;
- telephone number;
- Social Security number;
- driver's license number;
- driver's license state;
- financial account numbers;
- other private employment data.

(*Id.* at ¶¶ 29, 33). In accordance with Defendant's requirements, Plaintiff provided

the listed PII to Defendant. (*Id.* at ¶ 31).

On August 22, 2024, Defendant was the victim of a criminal cyberattack that led to a breach of data stored in its systems. (*Id.* at ¶ 33). On or around October 20, 2024, Plaintiff received a letter notifying her of the data breach and that her name and Social Security number were "potentially affected." (*Id.* at ¶¶ 17, 33).

On November 12, 2024, Plaintiff filed this lawsuit on behalf of herself and similarly situated class members alleging: (1) negligence, (2) breach of implied contract, and (3) negligence *per se*. (Doc. 1). Plaintiff also seeks a declaratory judgment, asking this Court to enter a judgment declaring that:

> a. Defendant owes a legal duty to secure its employees' and customers' Private Information and to timely notify them of a data breach under the common law and the FTCA;
>
> b. Defendant's existing security measures do not comply with its explicit or implicit contractual obligations and duties of care to provide reasonable security procedures and practices that are appropriate to protect their employees' and customers' Private Information; and
>
> c. Defendant continues to breach this legal duty by failing to employ reasonable measures to secure its employees' and customers' Private Information.

(*Id.* at ¶ 145). Additionally, Plaintiff requests injunctive relief in the form of a decree "requiring Defendant to employ adequate security protocols consistent with legal and industry standards to protect its employees' and customers' [PII]", including, among other things, ordering "Defendant to provide lifetime credit monitoring and identity theft insurance to Plaintiff." (*Id.* at ¶ 146).

## LEGAL STANDARD

Federal courts are "courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Accordingly, we have a 'special obligation to satisfy ourselves of our own jurisdiction' before proceeding to the merits of [a case]." *Gardner v. Mutz*, 962 F.3d 1329, 1336 (11th Cir. 2020) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998), *abrogated on other grounds by Riley v. Bondi*, 145 S. Ct. 2190 (2025)) (citation modified). The most fundamental limits on federal judicial power are contained in Article III of the Constitution, "which grants federal courts jurisdiction only over enumerated categories of 'Cases' and 'Controversies.'" *Id.* (citing U.S. CONST. art. III, § 2). The case-or-controversy requirement is comprised of four parts: (1) standing, (2) ripeness, (3) mootness, and (4) the political question doctrine. *Id.* (citing *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011); *Made in the USA Found. v. United States*, 242 F.3d 1300, 1312 (11th Cir. 2011)). Here, standing is at issue.

Because standing is jurisdictional, a dismissal for lack of standing is equivalent to a dismissal for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), is not a judgment on the merits, and is entered without prejudice. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A defendant can move to dismiss a complaint for lack of standing by either facial or factual attack. *Id.* "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."

*McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (citation modified). By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony. *Id.* A plaintiff must establish standing as to each form of relief sought separately. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000).

## DISCUSSION

Defendant argues that Plaintiff's complaint should be dismissed under Rule 12(b)(1) for lack of standing. (Doc. 16-1 at 14). To establish standing, a plaintiff must show, among other things, that he or she "suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent." *Laidlaw*, 528 U.S. at 180. Defendant argues that "Plaintiff's speculative fears of future harm (i.e., identity theft) do not confer Article III standing" because allegations of stolen data, without more, are insufficient to establish a concrete injury. (Doc. 16-1 at 14). The Court agrees.

The Eleventh Circuit recognizes three kinds of harm for purposes of the concrete injury analysis under Article III: "1) tangible harms, like physical or monetary harms; 2) intangible harms, like injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts; and, finally, 3) a material risk of future harm when a plaintiff is seeking injunctive relief." *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 889 (11th Cir. 2023) (citation modified) (citing *TransUnion LLC v. Ramirez*, 549 U.S. 413, 422–23 (2021)).

Where, as here, the alleged injury involves a data breach, "[e]vidence of a mere

data breach does not, standing alone, satisfy the requirements of Article III standing." *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1334 (11th Cir. 2021). Rather, "a plaintiff whose personal information is subject to a data breach can establish a concrete injury . . . if, as a result of the breach, [she] experiences 'misuse' of [her] data in some way." *Green-Cooper*, 73 F.4th at 889. Misuse of a plaintiff's data is typically required "because such misuse constitutes both a 'present' injury and a 'substantial risk' of harm in the future." *Id.* In other words, while "evidence of actual misuse is not necessary for a plaintiff to establish standing following a data breach," the Eleventh Circuit instructs that "without specific evidence of *some* misuse of class members' data, a named plaintiff's burden to plausibly plead factual allegations sufficient to show that the threatened harm of future identity theft was 'certainly impending'—or that there was a 'substantial risk' of such harm—will be difficult to meet." *Tsao*, 986 F.3d at 1343–44 (citation omitted).

Plaintiff argues that the "high risk for fraud and identity theft" is a concrete injury sufficient to confer Article III standing. (Doc. 18 at 5). Plaintiff relies primarily on *Briggs v. North Highland Company*, No. 1:22-cv-03640-SCJ, 2024 WL 519722, at *1 (N.D. Ga. Feb. 9, 2024) to support her argument. In *Briggs*, the plaintiff sued the defendant after his PII was allegedly compromised in a data breach. *Id.* The defendant moved to dismiss for lack of Article III standing, arguing that no concrete injury existed because the complaint did not allege any misuse of the stolen data. *Id.* The *Briggs* court denied the defendant's motion to dismiss and held that, even where the plaintiff failed to allege misuse of his data after a breach, he nonetheless

5

"plausibly alleged that the hack and the nature of the information alleged to have been stolen (i.e., names [and] social security numbers . . . ) raises a substantial risk of identity theft" sufficient for a concrete injury. *Id.* at \*6. But, unlike the plaintiff in *Briggs*, Plaintiff here does not allege that her PII was stolen at all—in fact, based on the notice letter, she alleges only that her PII was "*potentially* affected." (Doc. 1 at ¶ 33 (emphasis added)).

With this distinction in mind, the Court finds the present lawsuit more like *DiPierro v. Florida Health Sciences Center, Inc.*, 737 F. Supp. 3d 1314 (M.D. Fla. 2024). In *DiPierro*, the court found that, where the plaintiff's alleged injury was based on "the language included in the cybersecurity notice, which [was] opaque as to whether the entire class's information was even *actually stolen*," the allegations were insufficient to state an injury for Article III standing. Likewise, here, Plaintiff has alleged only that her PII was "potentially affected" based on the notice letter from Defendant, not that it was stolen or otherwise misused. *See id.*; (Doc. 1 at ¶ 33). Plaintiff does not allege that her PII was compromised by the breach, much less that it was stolen. It cannot be said that there is a "substantial risk of future identity theft" where it is unclear whether Plaintiff's PII was affected in the cyberattack. *Tsao*, 986 at 1344 (finding no Article III standing where the plaintiff did not allege "a substantial risk of future identity theft or that identity theft was certainly impending." (citation modified)); *Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 155 (3d Cir. 2022) ("Where the plaintiff seeks injunctive relief, the allegation of a risk of future harm alone can qualify as concrete as long as it 'is sufficiently imminent and

substantial.'" (quoting *TransUnion LLC*, 594 U.S. at 415)). Thus, Plaintiff's allegation of a risk of future harm is insufficient to qualify as a concrete injury for Article III standing. *See id.*

Plaintiff also argues that her economic loss post-breach (i.e., mitigation costs and loss of value of PII) and emotional distress are concrete harms. (Doc. 18 at 7). As to her purported financial impact, absent an allegation that Plaintiff's PII was actually affected by the breach, costs alone cannot confer standing. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013). Indeed, the Supreme Court makes clear that a plaintiff "cannot manufacture standing by choosing to make expenditures based on hypothetical harm that is not certainly impending." *Id.* Here, Plaintiff alleges that she incurred out-of-pocket costs to mitigate the impact of the breach, such as "credit monitoring services, credit freezes, [and] credit reports." (Doc. 1 at ¶ 12). However, given that Plaintiff's harm—a compromise of her PII—is uncertain at best, she cannot "secure a lower standard for Article III standing simply by making an expenditure based on a nonparanoid fear." *Clapper*, 568 U.S. at 416. Likewise, Plaintiff cannot allege a loss of value of her PII when it is unclear whether her PII was compromised at all. *See id.*; (Doc. 1 at ¶ 89).

As to Plaintiff's alleged emotional distress, it is true that the Eleventh Circuit has held that concrete injuries include "more nebulous [injuries], like . . . emotional distress." *Walters v. Fast AC, LLC*, 60 F.4th 642, 648 (11th Cir. 2023). But, as the Supreme Court noted in *Clapper*, a plaintiff still may not "manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future

harm that is not [imminent]." *Clapper*, 568 U.S. at 416. And "the law has traditionally recognized recovery for emotional distress as an additional, or parasitic element of damages that must be attached to a separate injury. The same applies in the standing context." *Holmes v. Elephant Ins. Co.*, No. 23-1782, 2025 WL 2907615, at *15 (4th Cir. Oct. 14, 2025) (citation modified) ("[A]lthough emotional distress is distinct from . . . expenditures, it poses much the same problem," because while "a plaintiff does not choose to suffer emotional distress the way he might choose to spend money, a plaintiff can freely allege emotional distress in every case with little fear of disproof."). Accordingly, Plaintiff's purported economic loss and emotional distress following the *potential* breach of her PII, absent more, do not confer standing. *See id.*; *see also Clapper*, 568 U.S. at 416.

Because Plaintiff lacks standing, the Court will not consider whether her complaint plausibly alleges a claim upon which relief may be granted.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss Plaintiff's Class Action Complaint (Doc. 16) is **GRANTED**. This case is **DISMISSED** without prejudice for lack of subject matter jurisdiction. The Clerk is respectfully **DIRECTED** to **CLOSE** this case.

SO ORDERED, this 24th day of October, 2025.

_____
TIFFANY R. JOHNSON
United States District Judge